(No. 17614.—Judgment affirmed.)
ATTIE M. ALLEN, Plaintiff in Error, *vs.* ARTHUR A. ALLEN, Defendant in Error.

*Opinion filed February 16, 1927—Rehearing denied April 7, 1927.*

HUSBAND AND WIFE—*what provision of separation agreement is not an assignment of insurance.* Where a separation agreement provides that the husband is to pay the wife a weekly sum for the support of herself and child in full satisfaction of any claim for alimony, a further provision that the husband shall keep up and not permit to lapse all life and accident insurance policies "now in force and carried by him upon his life for the benefit of his said wife or daughter, or both," and that the beneficiaries named in the policies shall not be changed, cannot be construed as an assignment of the insurance policies or the cash surrender value due thereon at maturity, the policies having all the time remained in the possession of the insured.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

ROBERT E. HOGAN, for plaintiff in error.

FREDERIC L. GOFF, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Arthur A. Allen, defendant in error, and Attie M. Allen, plaintiff in error, are husband and wife, living apart under a separation agreement dated January 15, 1909, which provides that the wife is to have the custody of Marion Campbell Allen, their only child, and that the husband is to pay the wife $12.50 a week for the support of the wife and child and in full satisfaction of any claim for alimony. This litigation arises out of the following provision of the agreement: "Said Arthur A. Allen shall also

keep up and not permit to lapse or be canceled for non-payment of dues or premiums, all of the life insurance and accident insurance policies now in force and carried by him upon his life for the benefit of his said wife or daughter, or both, and the beneficiaries named in said policies shall not be changed." At the time of the execution of the agreement there were in effect five policies issued by the New York Life Insurance Company on the life of Allen, plaintiff in error being named beneficiary in one of these policies and the estate of defendant in error being the beneficiary in the other four policies. By the terms of each the company agreed to pay $1000 to the beneficiary upon the death of the insured if such death occurred within twenty years, but if the insured were living at the expiration of twenty years he should then have the option to discontinue the policy and receive the cash value, which was $1347.58 on each policy. The policies matured in September, 1922, and both Arthur A. and Attie M. Allen filed with the insurance company claims for the $6737.90 due. December 15, 1922, the company filed in the superior court of Cook county a bill of interpleader, and there was a decree that the parties to this writ of error interplead. Defendant in error filed his pleading, in which he admitted the truth of all the allegations in the bill and alleged that the policies were delivered to him, and that he now has, and during all of the period of their existence has had, possession of them; that he has paid all premiums thereon and that he has never assigned any interest therein to any person. He claims the sole and exclusive right to the money due thereon and denies that plaintiff in error has any claim against the same. Plaintiff in error filed her pleading, in which she set up the separation agreement between herself and her husband and claimed that by it there was assigned to her the insurance policies and that she was entitled to the amount due thereon. There was a hearing before the court, and a decree entered ordering the sum

deposited with the clerk by the insurance company paid over to plaintiff in error. On appeal the Appellate Court reversed this decree and remanded the cause, with directions to enter a decree directing the money to be paid to defendant in error. The cause is here on *certiorari*.

The only issue presented by the pleadings in this case is whether there has been an assignment of the fund due under the insurance policies. The policies remained in the possession of the insured throughout their existence, and there is no claim that they were to be deposited as a pledge to insure the weekly payments to be made by defendant in error. We are unable to place a construction upon the language used in the paragraph of the agreement quoted above which would give it the effect of an assignment of the insurance policies or the money due under them at maturity. There was received in evidence a letter from defendant in error to his daughter in which he explained the character of the policies held by him, but there is nothing in the letter which indicates an intent to assign the policies or to add anything to the agreement already executed. The agreement specifically provides that the sum of $12.50 a week, which defendant in error agreed to pay, was to be in full satisfaction of all claims against him, which indicates that it was not the intention of the parties at the time the agreement was made that plaintiff in error was to receive the cash surrender value of the policies when they matured. The validity and justice of this agreement are not presented by the pleadings in this case. The only question before us is whether there was an assignment of the insurance policies, and that question has been correctly decided by the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*